IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § Plaintiff, § § and § § RANDY JOHNSON, § Plaintiff-Intervenor § v. § § EL PASO ENERGY CORPORATION, § § Defendant. § § | UNITED STATES DISTRICT SOUTHERN DISTRICT OF ENTERED APR 18 200* Michael N. Milby, Clerk of Court CIVIL ACTION NO. C.A. H-98-0914 |

## CONSENT DECREE

The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), alleges in this suit that on November 24, 1996, Defendant El Paso Energy Corporation ("Defendant") failed to hire Randy Johnson ("Johnson") for the position of auditor because of his disability, complete renal failure. Johnson intervened in the Commission's action against Defendant, also alleging that Defendant failed to hire him as an auditor because of his disability. Defendant denies the Commission's and Johnson's allegations of disability discrimination and asserts that its decision not to hire Johnson was based on legitimate nondiscriminatory reasons and not on Johnson's alleged disability.

The Consent Decree is between the Commission and Defendant.

The parties have reached a compromise and wish to avoid the expenses of continued litigation.

32

The parties stipulate to the jurisdiction of the Court and waive a hearing and the entry of findings of fact and conclusions of law.

IT IS THEREFORE ORDERED:

1. This Consent Decree is entered by Plaintiff Equal Employment Opportunity Commission and Defendant El Paso Energy Corporation (hereinafter collectively referred to as the "parties") in full and complete settlement of any and all claims arising out of or contained in EEOC Charge No.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 and Civil Action No. H-98-0914. The agreements herein are made in full and final settlement of the claims asserted by the Commission on behalf of Randy Johnson in Civil Action No. H-98-0914. This matter is resolved without a finding of liability by the Court or an admission of liability by Defendant. In addition, Defendant continues to deny the allegations contained in Civil Action No. H-98-0914.

2. Defendant agrees that it will continue to comply with its policy of not discriminating against any employee or applicant because of his or her disability status under the Americans with Disabilities Act (ADA).

3. Defendant agrees to pay the estate of Randy Johnson the gross sum of $17,000.000.

4. Defendant agrees to continue to post, in a public area of its facilities, a notice of nondiscrimination. A copy of Defendant's posting was provided to the EEOC.

5. Defendant shall train the supervisor who made the employment decision at issue in the above referenced charge of discrimination on the ADA within six months of the entry of this Decree.

6. This Decree shall remain in effect for one year from the date of signing. During that

2

year, the Court shall retain jurisdiction to assure compliance with this Decree.

7. The parties shall bear their own costs and attorney's fees in this matter.

8. By separate letter, the parties have agreed to public statements regarding this case. That agreement is incorporated herein for all purposes.

Signed on this ___15TH___ day of __April__, _2000_ at Houston, Texas.

Ewing Werlein, Jr.
UNITED STATES DISTRICT JUDGE

3